BOLIN, Judge.
In this paternity litigation the defendant appeals from a judgment declaring him to be the natural father of plaintiff’s minor son and ordering him to pay $120 per month for support of the child. We affirm.
Plaintiff and defendant met while both worked for the same employer. She testified they began having sexual relations in November 1975 and had such relations intermittently until February 1976 when he began dating someone else. She stated her relationship with defendant resumed in the latter part of April 1976, and that they had sexual relations almost every weekend until she was five months pregnant in the fall of 1976. According to her testimony, most of their encounters were at her apartment. She discovered she was pregnant in July 1976 and approximated the date of conception to be June 12, 1976. When she informed defendant of the pregnancy, she testified he offered to have his brother, a doctor, arrange for an abortion. She stated he never denied being the father until she requested financial assistance after the child was born in February 1977. However, she admitted that he never actually acknowledged being the father either. She testified she did not engage in sexual relations with anyone else during the time of her relationship with defendant.
Defendant’s version of the relationship differed. In answering the suit he contended his contacts with plaintiff from March through July 1976 were “infrequent” and that during this period of time plaintiff was dating other individuals. At trial, however, he denied having sexual relations with plaintiff after March of 1976. He maintained they only had sexual relations on three occasions but could not recollect when. He admitted on cross-examination, however, that it was possible he was the father. He stated that the plaintiff approached him about helping her arrange for an abortion and that his willingness to help was merely an act of friendship.
Blood tests ordered by the court proved inconclusive in that defendant could not be eliminated as the father. None of the other witnesses shed much light on the relationship between plaintiff and defendant at the time of the child’s conception.
In lengthy reasons for judgment the trial court observed that plaintiff testified in an open and forthright manner whereas defendant’s testimony was extremely vague and evasive. Considering the demeanor of the witnesses and the evidence as a whole, the trial court found that the relationship between plaintiff and defendant was much more extensive and of a longer duration than admitted by the defendant. The court held that defendant’s conduct upon learning of the pregnancy and his admitted efforts to arrange an abortion constituted an acknowledgment of paternity under La.Civil Code article 209. Alternatively, the trial court found plaintiff was not “dissolute” so as to preclude the application of La.Civil Code art. 210 to prove paternity.
At the outset we agree with defendant that the trial court erred in finding an acknowledgment under article 209 which provides in pertinent part:
In the case where the proof of paternal descent is authorized by the preceding article, the proof may be made in either of the following ways:
* * * * * *
2. When the father, either in public or in private, has acknowledged him as his child, or has called him so in conversation, or has caused him to be educated as such;
* * * * * *
We agree that the offer to arrange for an abortion does not constitute an acknowledgment of paternity under article 209.
Defendant’s main arguments on appeal deal with an evidentiary ruling made by the trial judge relative to La.C.C. art. *894 210, and whether or not the plaintiff was barred from using this method of establishing paternity. Article 210 provides:
The oath of the mother, supported by proof of the cohabitation of the reputed father with her, out of his house, is not sufficient to establish natural paternal descent, if the mother be known as a woman of dissolute manners, or as having had an unlawful connection with one or more men (other than the man whom she declares to be the father of the child) either before or since the birth of the child.
During the trial defendant attempted to question plaintiff about sexual conduct on her part prior to the time of her relationship with him. The trial judge prohibited defendant from asking her about sexual relations with others except during the time she was seeing the defendant and refused to allow an offer of proof. Defendant argues such evidence would be relevant under article 210.
We agree. In McConkey v. Pinto, 305 So.2d 469 (La.1975) the supreme court dealt with a situation in which it was shown that a woman engaged in sexual intercourse pri- or to marriage and conceived a child. This occurred a year after the birth of the child whose paternity was at issue in the lawsuit. The court stated:
* * * The conception of such a child a few days prior to marriage and over one year after the birth of the illegitimate child, in our opinion, does not constitute an unlawful connection, or commerce ii-licite, within the contemplation of Article 210. The purpose of this disqualifying provision is to prevent a dissolute mother from choosing as the father of her illegitimate child any one of several men with whom she had been intimate at the time of conception. Illicit relations after the birth of the child are relevant in that they support the premise that the mother was dissolute at the time of conception. * * * 305 So.2d 469, 471.
Accordingly, the trial court did err in limiting defendant’s cross-examination of plaintiff and disallowing the offer of proof. Evidence of sexual conduct on plaintiff’s part prior to the time she knew the defendant would be relevant to support the premise that plaintiff was a woman of “dissolute manners” at the time of conception.
In spite of the trial court’s erroneous ruling, however, evidence was elicited that plaintiff had engaged in sexual intercourse with a man she stopped dating in January 1975. Three other male acquaintances of plaintiff were alluded to at trial. One was a young man plaintiff dated once in April of 1976. She expressly denied having sexual relations with him. Another man was the husband of one of plaintiff’s friends and the record indicates they were only friends. The third was a man plaintiff dated in the summer of 1975. He was unable to attend the trial and the trial judge granted defendant twenty days after trial to submit this person’s deposition. No deposition was submitted. In the written reasons for judgment and in the denial of a motion for new trial the district judge recognized that he probably erred in curtailing the cross-examination of plaintiff. The court found the error nonprejudicial to the defendant because plaintiff admitted one affair and the defendant failed to submit the deposition which may have revealed one other affair. We agree with the trial court that the evidentiary ruling did not prejudice defendant. It appears that defendant, at best, could only have shown that plaintiff had sexual relations with two other men before she met the defendant. Under these circumstances any error on the trial court’s part does not mandate reversal.
In a related argument defendant contends that plaintiff is disqualified from using article 210 to establish paternity because of her admitted unlawful connection with another man. This argument is without merit. In McConkey v. Pinto, supra, sexual relations occurring a year after the birth of the child did not disqualify the mother from using article 210. In the case at bar plaintiff’s relations occurred two years prior to the birth of the child. Although, as discussed earlier, the trial judge did prohibit defendant from eliciting evi *895 dence of other possible affairs, it is apparent that defendant only intended to bring out that plaintiff had engaged in sexual relations with one other man. This relationship ended almost two years before the birth of the child. Under the rationale of McConkey these remote relations would not disqualify plaintiff from using article 210.
Defendant’s final argument is that the trial court’s factual determination that he is the father is erroneous. Defendant specifically argues that plaintiff testified that a contraceptive device was used on one occasion some time during the month of June, and that this makes it impossible for him to be the father because they only had intercourse once that month. As we appreciate the record, plaintiff testified she had sexual relations with defendant twice that month and that a contraceptive device was only used once. Accordingly, the trial court’s factual conclusions are not erroneous.
Judgment is affirmed at appellant’s cost.
MARVIN, J., dissents and assigns written reasons.